ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 2 2 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | No. **1.26 - CR - 0285** |
| JOHN ELIJAH MATTHEWS | |

THE GRAND JURY CHARGES THAT:

On or about May 30, 2026, in the Northern District of Georgia, the defendant, JOHN ELIJAH MATTHEWS, did knowingly and without lawful authority and permission commit an act, including the use of a dangerous weapon, as defined in Title 18, United States Code, Section 1992(d)(2), with intent to cause death and serious bodily injury to "M.S.," and the act resulted in the death of "M.S.," who was on a terminal, structure, track, facility, and property used in the operation of, and in support of the operation of, a railroad carrier and mass transportation vehicle, under circumstances in which the railroad on-track equipment and mass transportation vehicle was carrying at least one passenger and employee at the time of the offense, and any of the conduct required for this offense was engaged in, on, against, and affecting a mass transportation provider and railroad carrier engaged in interstate and foreign commerce, to wit, the Metropolitan Atlanta Rapid Transit Authority, all in violation of Title 18, United States Code, Section 1992(a)(7), (b)(1), and (c)(1).

## NOTICE OF SPECIAL FINDINGS PURSUANT TO
## TITLE 18, UNITED STATES CODE, SECTIONS 3591 AND 3592

THE GRAND JURY FURTHER FINDS:

As to the sole count of the Indictment, the defendant, JOHN ELIJAH MATTHEWS,

    a. was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

    b. intentionally killed "M.S." (18 U.S.C. § 3591(a)(2)(A));

    c. intentionally inflicted serious bodily injury that resulted in the death of "M.S." (18 U.S.C. § 3591(a)(2)(B));

    d. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than the participant in the offense, and "M.S." died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

    e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than the participant in the offense, such that participation in the act constituted a reckless disregard for human life, and "M.S." died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

2

f.  committed the offense charged in the Indictment and the death of "M.S.," and injury resulting in "M.S."'s death, occurred during the commission of, and during the immediate flight from the commission of, an offense under 18 U.S.C. § 1992 (18 U.S.C. § 3592(c)(1));

g.  committed the offense charged in the Indictment in an especially heinous, cruel, and depraved manner in that it involved serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)); and

h.  committed the offense charged in the Indictment against a victim who was particularly vulnerable due to old age (18 U.S.C. § 3592(c)(11)).

A ___TRUE___ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

MATTHEW S. CARRICO
*Assistant United States Attorney*
Georgia Bar No. 538608

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181